UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT KENNETH EAKIN,<br>Plaintiff,<br>v.<br>VERN R. PIERSON, et al.,<br>Defendants. | No. 2:26-cv2234 DC CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, it is recommended that this action be dismissed without prejudice.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

II. PLAINTIFF'S COMPLAINT

Plaintiff sues Vern R. Pierson, El Dorado County District Attorney, and Jennifer Barbanica, Deputy District Attorney, alleging they ignored forensic evidence and granted Carol Bendickson use immunity, resulting in plaintiff's felony conviction based on false testimony. As relief, plaintiff seeks reversal of his conviction, dismissal of the charges, disciplinary action against the defendants, and money damages. (ECF No. 1 at 6.)

III. DISCUSSION

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation

underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

Moreover, plaintiff cannot challenge his criminal conviction through a civil rights action under 42 U.S.C. § 1983. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Any federal action seeking to challenge a plaintiff's conviction must be brought through a petition for writ of habeas corpus under 28 U.S.C. § 2254. But before plaintiff may bring such a habeas petition, he must first exhaust state court remedies as to such claim.[1] Review of state court records reflects that plaintiff has not filed a petition for writ of habeas corpus in the California Supreme Court.[2] Plaintiff has not exhausted his state court remedies; therefore, it is not appropriate to convert this action to an action under 28 U.S.C. § 2254.

Because defendants are entitled to prosecutorial immunity, plaintiff's civil rights action must be dismissed.

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

IV. LEAVE TO AMEND

A pro se litigant is ordinarily entitled to leave to amend a defective complaint so that he has an additional chance to state a proper claim for relief. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000). But that rule does not apply when "the basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that that plaintiff cannot cure the flaws in his claims. See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002). Here, giving plaintiff leave to amend the current claims would be futile, as there are no additional facts plaintiff could add that would permit him to pursue an action challenging the defendants' actions in prosecuting plaintiff, or to challenge his conviction. Therefore, the Court recommends that the action be dismissed without leave to amend.

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of El Dorado County filed concurrently herewith.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/eaki2234.74